IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRE CLARK,<br>   Plaintiff,<br>             v.<br>REGION 4 IV-D AGENCY; JOHN HURST; and KATHERIN E. BEYERS,<br>   Defendants. | Civil Action No.<br>1:23-cv-02594-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendant Judge Karen Beyers's motion to dismiss [ECF 9],[1] Plaintiff Andre Clark's "motion to dismiss" [ECF 10], Defendant John Hurst and "Region 4 IV-D Agency's" unopposed motion to dismiss [ECF 25], Clark's motion to compel answers to interrogatories and motion for monetary sanctions [ECF 21], and Clark's petition for a writ of habeas corpus [ECF 18]. After careful consideration of the record, the Court orders as follows:

- Judge Beyers's motion to dismiss is **GRANTED** [ECF 9].
- Clark's "motion" to dismiss is **DENIED** [ECF 10].
- John Hurst and "Region 4 IV-D Agency's" motion to dismiss is **GRANTED** [ECF 25].
- Clark's motion to compel answers to interrogatories is **DENIED as moot** [ECF 21].

---

[1] Judge Beyers was incorrectly identified by Plaintiff in the case caption and Complaint as "Katherin E. Beyers." The parties do not dispute that Plaintiff intended to name Judge Karen Beyers.

1

- Clark's petition for non-statutory writ of habeas corpus is **DENIED as moot** [ECF 18].

**I.    Background**

In the underlying state court action, Clark was held in criminal contempt of Court for his "contemptuous conduct in open court" and incarcerated for twenty days.[2] He was also held in willful contempt for failure to make child support payments.[3] He filed the instant suit against the Superior Court of Gwinnett County judge that presided over his state court action, Judge Beyers, as well as "Region 4 IV-D Agency" and John Hurst, whom Clark believes are Beyers's employers.

Clark alleges that on March 16, 2023,[4] he attended a hearing before Judge Beyers regarding his failure to obey a court order—specifically, to pay child support.[5] During that hearing, Clark notified Judge Beyers that he refused to pay because he was not the correct legal respondent; his argument was based on a sovereign citizen theory.[6] Therefore, he argued that his child support order should

---

[2]   ECF 9-2, at 4. The Court takes judicial notice of the record in the state court case that gives rise to the allegations in Clark's Complaint. *Serpentfoot v. Rome City Comm'*, 322 F. App'x 801, 807 (11th Cir. 2009) ("We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.).

[3]   *Id*.

[4]   The state court record reflects that the hearing Clark references actually occurred on January 23, 2023 not March 16, 2023.

[5]   ECF 7, at 9–10.

[6]   *Id.* at 9.

be terminated.[7] Judge Beyers responded that they were not "here for that," presumably meaning that the purpose of the hearing was not for Clark to challenge jurisdiction based on his legal identity.[8] Ultimately, Judge Beyers issued an "income withholding order" and held Clark in contempt of court, incarcerating him for twenty days.[9]

Clark filed this action, bringing Fourth Amendment claims for false arrest and false imprisonment, arguing that Judge Beyers's decision to hold him in contempt was unconstitutional. He seeks compensatory, declaratory, and injunctive relief, among others.[10] Judge Beyers then filed the instant motion to dismiss. Clark responded with what he calls a "motion to dismiss," but is really a response to Judge Beyers's motion.[11] The majority of Clark's response, much like his Complaint, is legally indecipherable, but the Court will address his arguments to the best of its ability. Clark also filed a motion to compel answers to interrogatories and for monetary sanctions, as well as a petition for habeas corpus relief. Defendants Hurst and "Region 4 IV-D Agency" also filed a motion to dismiss. The Court will address each.

---

[7]   *Id.*

[8]   *Id.*

[9]   *Id.* at 10; ECF 9-2, at 4.

[10]  ECF 7, ¶ 1.

[11]  ECF 10.

**II.     Discussion**

   **A.     Motions to dismiss**

      **1.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'") (alteration in original) (footnote omitted) (quoting 5 Charles A.

4

Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. at 680–85; *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

The Court recognizes that Clark is appearing *pro se*. Thus, it must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

5

action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### 2. Judge Beyers's motion to dismiss

Judge Beyers is entitled to absolute immunity in this case. Judges are entitled to absolute judicial immunity from money damages for acts taken in their judicial capacity unless they acted "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). All of Clark's claims against Judge Beyers relate to her judicial functions, and there is no reason for this Court to believe that she was acting "in clear absence of all jurisdiction." *Id.* at 1239 (internal quotation marks omitted); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005) ("With regard to [Plaintiff's] § 1983 claims against [the] Judge [ ], the district court properly concluded that [the] Judge [ ] had judicial immunity from [Plaintiff's] claims, because, by issuing the writ of bodily attachment, [she] was committing a judicial act.").

Judge Beyers is also entitled to immunity for Clark's claims for declaratory and injunctive relief. "[A] plaintiff cannot obtain an injunction against a state court judge unless the plaintiff establishes that the judge acted in a non-judicial capacity, or if the judge acted in a judicial capacity, that the judge violated a declaratory decree or that declaratory relief is unavailable to the plaintiff." *Aruca v. Allan*,

No. 22-11017, 2022 WL 5089604, at *1 (11th Cir. Oct. 5, 2022). Clark does not allege that Judge Beyers acted in a non-judicial capacity or outside of the judicial process. Nor could he. All of the actions about which Clark complains concern legal actions Judge Beyers took during his child support hearing. Clark does not allege the violation (or existence) of a declaratory decree or plead that declaratory relief was unavailable. *Bolin*, 225 F.3d. at 1236, 1242; *Sibley*, 437 F.3d at 1070 (applying *Bolin* to claims for declaratory and injunctive relief against judicial officials in suits against state court judges). Clark has thus failed to state a claim for injunctive relief.

Clark's main (or at least most comprehensible) argument in response to Beyers's judicial immunity argument is that she is not a judge, but a contractor of "Region 4 IV-D" and thus, is not entitled to judicial immunity. Based on other filings and the responding Defendants,[12] the Court assumes Clark is referring to Region IV-D of the Georgia Department of Human Services (DHS) Division of Child Support Services (DCSS).[13] Regardless, Clark is incorrect. State judges are not officers of any agency. They do not perform "contract" work. They are

---

[12] ECF 21, at 2.

[13] Clark has also made reference to the Office of Child Support Enforcement (Child Support Enforcement Program), Administration for Children and Families, within the Department of Health and Human Services, so he could also be referring to that agency.

members of the state judiciary and put simply, are judges, not contractors. Clark's assertions to the contrary fail. Though he cites many statutes referencing procurement contracts and cooperative arrangements between federal and state government officials, none support his contention that state judges in any way work for the state or federal agencies. In fact, Judge Beyers is an elected public official. Accordingly, the Court holds that Judge Beyers is immune from suit in this case and **GRANTS** her motion to dismiss.

### 3. John Hurst and "Region 4 IV-D Agency's" motion to dismiss[14]

Hurst and Region 4 filed a motion to dismiss that is substantively identical to Judge Beyers's motion. However, upon review, the Court believes dismissal is appropriate on a much more basic ground than any argued in the motion. Specifically, there is simply no non-frivolous connection between these Defendants and the operative facts in this case.

Clark continuously refers to "Region 4 IV-D Agency." As mentioned above, the Court assumes he is referring to Region IV-D of the DCSS within DHS. Clark contends that John Hurst is the director of this organization. However, there is no plausible connection between John Hurst and DHS and any potential liability in

---

[14] Clark has yet to respond or request leave to file a response out of time to Defendants' motion, so the Court addresses only the merits of Defendants' motion and the Complaint's allegations. *See Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017).

this case. Clark seeks to tie these parties to the case only through the acts of Judge Beyers—he asserts that she is a contractor of the Region 4 IV-D Agency and thus, Hurst and Region 4 are liable.[15] He repeatedly refers to the parties together, using phrases like "Region 4 IV-D AGENCY, director JOHN HURST through contractor KATHERIN E. BEYERS"[16] and "by order of Defendant BEYERS under the supervision of the Region 4 IV-D AGENCY director JOHN HURST."[17]

There is no plausible claim against DHS and Hurst because, as discussed above and contrary to Clark's assertion, there is no connection between these parties and Judge Beyers that could give rise to liability—Judge Beyers is not a contractor of DHS. As far as this Court can tell, there is no other contention or claim made by Clark that might give rise to liability against these Defendants. In short, the Complaint does not state a claim as to DHS and Hurst.

### III. Conclusion

For the reasons discussed above, the Court rules as follows:

- Judge Beyer's motion to dismiss is **GRANTED** [ECF 9].
- Clark's "motion" to dismiss is **DENIED** [ECF 10].

---

[15] ECF 7, at 8. ("Region 4 IV-D AGENCY director JOHN HURST through contractor BEYERS did subject me to false arrest and false imprisonment, in violation of State and Federal prohibition on searches and seizures and due process of law.").

[16] *Id.* at 10.

[17] *Id.*

- John Hurst and "Region 4 IV-D Agency's" motion to dismiss is **GRANTED [**ECF 25].

- Clark's motion to compel answers to interrogatories is **DENIED as moot** [ECF 21].

- Clark's petition for non-statutory writ of habeas corpus is **DENIED as moot** [ECF 18].

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Judge